Battle, J.
 

 The counsel for the defendants admit that they are liable in this suit tor the tax on all the legacies, general and specific, paid out of the testator’s property, situate, at the time of his death, in the State of North Carolina, except that on the bequests and devises to R. A. Brevard, one of the executors. With regard to the bequests and de vises referred to in the exception, it is conterded that the tax on them is to be paid by the legatee and devisee himself, as an individual, and not as executor, and in support of this position the sections from 7 to 12 of the Rev. Code, ch. 99, are relied on. The 11th section sustains the exception as to a devise of land, but there is nothing in any of the sections of the act to prevent the liability of all the executors to pay the tax on a legacy given to one of them.
 

 The case of
 
 Alvany
 
 v.
 
 Powell,
 
 2 Jon. Eq., 51, fully sustains the objection that the defendants are not liable for any tax to this State on account of the property of the testator which was situate in Alabama at the time of his death. It is true that the point of that decision is that the property of a non-resident, situate in this State at the time of his death, is liable to pay a tax to the State upon its devolution to collateral kindred, but in the opinion of the court it seemed to be clearly admitted that our revenue law does not impose a tax on the property of the decedent which was not in the State, though given by will, or devolved by law upon one of our citizens.
 

 Whether the defendants are to be excused from paying any tax on the Confederate money which became valueless
 
 *143
 
 on their hands, we cannot be prepared to decide until it is determined whether they will be allowed for it in their settlement with the legatees. If the latter get good money, the State must, of course, have a tax irom it. A decree may be drawn in accordance with this opinion, and the cause will stand on further directions.
 

 Per Curiam.
 

 Decree accordingly.